UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

---

**JAMES BLEDSOE**                                    **CIVIL ACTION NO. 15-2484**

**VERSUS**                                           **JUDGE ELIZABETH ERNY FOOTE**

**CITY OF SHREVEPORT**                               **MAGISTRATE JUDGE HORNSBY**

---

### MEMORANDUM ORDER

Now before the Court is James Bledsoe's ("Plaintiff") Motion To Strike Affirmative

Defenses. [Record Document 8].  The motion alleges that six of the affirmative

defenses presented by the City of Shreveport ("Defendant") in its Answer [Record

Document 6] should be stricken under Federal Rule of Civil Procedure 12(f) as they are

legally insufficient, irrelevant, impertinent, and/or redundant. Record Document 8-1, p.

6.[1]  For the reasons stated below, Plaintiff's Motion To Strike is **GRANTED IN PART**,

striking Defendant's tenth defense, and **DENIED IN PART**, rejecting Plaintiff's motion

in all other respects.  It is further **ORDERED** that Defendant is permitted until

**Monday, July 25, 2016** to amend its answer so as to more specifically articulate

defenses under the Americans with Disabilities Act (42 U.S.C. § 12131 et seq.) ("ADA")

and the Rehabilitation Act of 1973 (29 U.S.C. § 794 et seq.) ("Rehabilitation Act").  If

Defendant fails to amend so as to specifically identify the applicable defenses under the

---

[1] Plaintiff has filed largely identical motions in similar cases filed against the City of Shreveport.
See Motion To Strike, Bledsoe v. City of Shreveport, Civil Action No. 15-2486, Record Document 12.  See
also Motion To Strike, Bledsoe v. City of Shreveport, Civil Action No. 15-2488, Record Document 11.

ADA or Rehabilitation Act, any ADA or Rehabilitation Act defenses left unspecified may no longer be raised by Defendant in this litigation.

## Factual and Procedural Background

The instant suit is brought by Plaintiff to remedy alleged violations of the ADA and the Rehabilitation Act.  Record Document 1, pp. 2, 23–24.  The violations alleged are repeated and continuing failures by Defendant to maintain its sidewalks in a manner required by law.  Id. at 2.  Defendant's Answer laid out ten defenses.  Record Document 6, pp. 1–3.  Plaintiff moved to strike six of those defenses, identified by Plaintiff as affirmative defenses.[2]  Record Document 8-1, pp. 3–8.  Defendant responded, objecting to Plaintiff's motion in its entirety, except as to Plaintiff's allegations against Defendant's tenth defense.  Record Document 11.  Defendant agreed with Plaintiff that the tenth defense, invoking "all defenses contained in the Americans with Disabilities Act and the Rehabilitation Act," was overly broad.  Id. at 7.  Defendant stated that it "will amend its answer to state the defenses with more specificity."  Id.  Plaintiff has replied, withdrawing its objection as it relates to Defendant's second defense, but maintaining its objections to Defendant's fifth, sixth, seventh, and eighth defenses.  Record Document 12, p. 3. Defendant has not sought to amend its answer.

The remaining contested defenses are:

---

[2]  Affirmative defenses are those which, if proven, will negate liability even if the defendant is shown to have committed the acts alleged.  See Beach v. Ocwen Fed. Bank, 523 U.S. 410 (1998).  Some of the defenses raised by Defendant and labeled as affirmative defenses by Plaintiff are not affirmative defenses.  Accordingly, in order to avoid confusion over terminology, the Court points out that it will not adopt the "affirmative" label generally placed upon Defendant's defenses by Plaintiff.

| Fifth Defense: | prescription and the statute of limitations; |
| --- | --- |
| Sixth Defense: | any actions of Defendant complained of were reasonable and permissible under the law; |
| Seventh Defense: | all actions by Defendant were taken in good faith and without malice; and, |
| Eighth Defense: | failure by Plaintiff to mitigate damages, comparative fault, and third party fault, if such defenses are shown to apply; |

Record Document 8-1, pp. 3–8; Record Document 6, pp. 1–3.  The grounds upon which

Plaintiff attacks the fifth defense are legal insufficiency and, alternatively, vagueness.

Record Document 8-1, pp. 7–8.  Plaintiff contends that the sixth defense is redundant.

Id. at 8.  Plaintiff alleges that the seventh defense is irrelevant.  Id. at 8–9.  The eighth

defense is attacked on the grounds that the defenses outlined therein are legally

inapplicable.  Id. at 9–11.

**Law and Analysis**

I.      Legal Standard

A court may on its own motion, or on motion made by a party, "strike from a

pleading an insufficient defense or any redundant, immaterial, impertinent, or

scandalous matter."  Fed R. Civ. P. 12(f).  A motion to strike "is a drastic remedy to be

resorted to only when required for the purposes of justice."  Augustus v. Bd. of Pub.

Instruction of Escambia Cnty., Fla., 306 F.2d 862, 868 (5th Cir. 1962) (internal

quotation omitted).   Rule 12(f) motions are infrequently granted, in part "because of

their somewhat dilatory and often harassing character." 5C Charles Alan Wright &

Arthur R. Miller, Federal Practice and Procedure § 1381 (3d ed.).  Motions to strike are disfavored and appropriate only where a part of a pleading "'has no possible relation to the controversy.'" Florance v. Buchmeyer, 500 F. Supp. 2d 618, 645 (N.D. Tex. 2007) (quoting Augustus, 306 F.2d at 868).

II.     Analysis

      A.      Prescription and the Statute of Limitations

Plaintiff objects to Defendant's statute of limitations affirmative defense on two grounds: (1) that a statute of limitations is not applicable because the violations are continuing in nature and, alternatively, (2) that Defendant did not identify the statute of limitations allegedly applicable, and thus the defense is prejudicial as vague.  Record Document 8-1, p. 7.  The Court will address the alternative arguments in reverse order. Both arguments must fail.

"In responding to a pleading, a party must affirmatively state any avoidance or affirmative defenses." Fed. R. Civ. P. 8(c)(1).  Though the pleading of affirmative defenses is subject to the liberal standards applicable to a complaint, the defendant "nevertheless must plead an affirmative defense with enough specificity or factual particularity to give plaintiff 'fair notice' of the defense that is being advanced." Woodfield v. Bowman, 193 F.3d 354, 362 (5th Cir. 1999).  "Fair notice" is given "if the defendant 'sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise.'"  Id. (quoting Home Ins. Co. v. Matthews, 998 F.2d 305, 309 (5th Cir. 1993)).

Though no limitations period was specifically identified by Defendant in its

Answer, Defendant responded to the instant motion by identifying Louisiana's one-year

statute of limitations period for tort claims under Louisiana Civil Code article 3492 as

the applicable limitations period under Frame v. City of Arlington, 657 F.3d 215 (5th Cir.

2011).  Record Document 11, pp. 3–5.  In light of Defendant's identification, Plaintiff

appears to have dropped the "vagueness" objection to this defense.  Record Document

12, pp. 3–8.  The Court finds that Defendant's identification of the limitations period

renders Plaintiff's objection moot.

Plaintiff's alternative objection to this affirmative defense is that Defendant's

alleged violations are ongoing in nature and thus have not prescribed under any

relevant statute of limitations.  The Court views the question of whether Defendant's

alleged violations are ongoing as a disputed question of fact not ripe for adjudication in

this Motion To Strike.  Plaintiff presents persuasive case law indicating that the Fifth

Circuit recognizes the theory of continuing violations, application of which may forestall

the effect of the one-year prescriptive period identified by Defendant.  Id. at 7–8;

Record Document 12, pp. 3–6.  However, it is well recognized that courts should avoid

resolving disputed questions of fact through motions to strike.  See 5C Charles Alan

Wright & Arthur R. Miller, Federal Practice and Procedure §§ 1380 & 1381 (3d ed.).  At

the present stage of litigation, the undisputed facts in the Court's record do not

establish whether ongoing violations exist that would forestall application of the one-

year statute of limitations period identified by Defendant. Because this objection is

based on a factual dispute, Plaintiff's request to strike this affirmative defense from Defendant's Answer [Record Document 8-1, pp. 7–8] must be denied.

B.     Remaining Contested Defenses

Plaintiff asserts that Defendant's sixth, seventh, and eighth defenses are redundant, irrelevant, and/or legally inapplicable. Id. at 8–11. The prejudice that Plaintiff predicts if these three defenses are not stricken is that they will "unnecessarily expand the scope of discovery." Id. at 6. Plaintiff must demonstrate two elements in order for his Rule 12(f) motion to be successful: (1) that the defenses are legally insufficient, impertinent, and/or redundant, and (2) prejudice by the continued presence of the defenses. See FDIC v. Niblo, 821 F. Supp. 441, 449 (N.D. Tex 1993); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (3d ed.).

As Defendant has alleged, and Plaintiff conceded as to the seventh defense, the sixth and seventh defenses may be relevant to the claims brought under "Title II and 29 U.S.C. § 794a(a)(2)." Record Document 11, p. 6; Record Document 12, pp. 6–7. Additionally, the Court interprets Defendant's assertion in the sixth defense that its actions were "reasonable and permissible by law" as simply a negation of Plaintiff's allegations to the contrary and poses no threat of "unnecessarily expand[ing] the scope of discovery." The continued presence of these defenses in this litigation creates no substantial prejudice to Plaintiff that necessitates use of the "drastic remedy" of a strike. Augustus, 306 F.2d at 868.

The Court is not persuaded that Defendant's eighth defense is not potentially relevant to at least some of Plaintiff's claims.  Additionally, Plaintiff has not demonstrated any significant prejudice created by the continued presence of this defense.  Accordingly, the Court finds that Plaintiff has failed to justify striking these three defenses.

## Conclusion

For the reasons stated above, Plaintiff's Motion To Strike is **GRANTED IN PART**, striking Defendant's tenth defense, and **DENIED IN PART**, rejecting Plaintiff's motion in all other respects.  It is further **ORDERED** that Defendant is permitted until **Monday, July 25, 2016** to amend its answer to articulate its ADA and Rehabilitation Act defenses.  If Defendant fails to amend so as to specifically identify the applicable defenses under the ADA or Rehabilitation Act, any ADA or Rehabilitation Act defenses left unspecified may no longer be raised by Defendant in this litigation.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on June 24, 2016.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE